UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICIA JACQUELINE HARRIS,
JACQUELINE HARRIS, PATRICIA
WOODLAND, and LENNOIR BB SUR
SANTA ROSA,

              Plaintiffs,                       Case No. 2:22-cv-10225

v.                                       Paul D. Borman
                                       United States District Judge

MICHEAL P. DONOVAN,
EBONY JAMISON, and
MATTHEW JOHNSON,

              Defendants.

-----------------------------------------------

## OPINION AND ORDER DISMISSING PLAINTIFFS' COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION

**BACKGROUND**

On January 5, 2022, Plaintiffs Patricia Jacqueline Harris, Jacqueline Harris, Patricia Woodland, and LeNnoir BB sur Santa Rosa, proceeding pro se, filed a Complaint against Defendants Micheal P. Donovan, Ebony Jamison, and Matthew Johnson. (ECF No. 1.) On the three-page Pro Se Complaint Form, Plaintiffs indicate that all of them and all of the Defendants live in Detroit, Michigan. (ECF No. 1, PageID 2–3.) Yet Plaintiffs also assert that "the basis for federal court jurisdiction" in this case comes from "[d]iversity of citizenship." (ECF No. 1, PageID 3.)

1

Plaintiffs then attach 528 more pages that lack coherence and do not establish

that any party lives outside of Michigan. To the contrary, these pages appear to

confirm that all of the parties live in this state. *See, e.g.*, (ECF No. 1-4, PageID 453)

(providing Detroit addresses for Plaintiffs and Defendants).

Also on January 5, Plaintiffs filed two Applications to Proceed Without

Prepaying Fees or Costs. (ECF No. 2, 3.)


**DISMISSAL**

"Federal courts are courts of limited jurisdiction. They possess only that

power authorized by Constitution and statute . . . ." *Kokkonen v. Guardian Life Ins.*

*Co. of Am.*, 511 U.S. 375, 377 (1994). As the Supreme Court has explained, federal

courts have two kinds of "subject matter jurisdiction" over civil claims:

> In order to provide a federal forum for plaintiffs who seek to vindicate
> federal rights, Congress has conferred on the district courts original
> jurisdiction in federal-question cases—civil actions that arise under the
> Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331.
> In order to provide a neutral forum for what have come to be known as
> diversity cases, Congress also has granted district courts original
> jurisdiction in civil actions between citizens of different States, between
> U.S. citizens and foreign citizens, or by foreign states against U.S.
> citizens. § 1332. To ensure that diversity jurisdiction does not flood the
> federal courts with minor disputes, § 1332(a) requires that the matter in
> controversy in a diversity case exceed a specified amount, currently
> $75,000.

*Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). "It is to be

presumed that a cause lies outside this limited jurisdiction, and the burden of

establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377 (internal citation omitted).

Plaintiffs have failed to meet that burden here. Their assertion that this Court has diversity jurisdiction over this case is belied by their repeated acknowledgments that all of the parties live in Michigan.

Accordingly, this case is **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 12(h)(3).


**REMAINING APPLICATIONS**

Plaintiffs' Applications to Proceed Without Prepaying Fees or Costs are **DENIED AS MOOT**.


**IT IS SO ORDERED.**

s/Paul D. Borman
Paul D. Borman
United States District Judge

Dated: February 9, 2022